IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE PAUL McLENDON, #231353, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CASE NO. 2:11-CV-920-TMH |
| ) | [WO] |
| ) | |
| J. C. GILES,  et al., ) | |
| ) | |
| Respondents. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Willie Paul McLendon ["McLendon"], a state inmate, on October 20, 2011.[1] In this petition, McLendon challenges convictions for manufacturing a controlled substance and trafficking in a controlled substance and the sentences imposed upon him for these convictions by the Circuit Court of Pike County, Alabama.[2] McLendon did not file a direct

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Although the court received the instant habeas petition on October 25, 2011, a thorough review of the documents filed by McLendon indicates that he obtained the financial  information submitted simultaneously with the petition on October 20, 2011.  *Doc. No. 2* at 3.  Thus, this is the earliest date that McLendon could have delivered the petition and attached documents to prison officials for mailing.  In light of the foregoing, the court considers October 20, 2011 as the date of filing.

[2] McLendon entered guilty pleas to the controlled substance offenses on February 16, 2010 and the Circuit Court of Pike County imposed concurrent life sentences upon McLendon for these convictions on March 29, 2010. The trial court entered an "Amended Sentence Order" on April 1, 2010. *Petitioner's Exhibit 2 - Doc. No. 3-2.*  It is this latter date which triggers the time for filing a direct appeal.

appeal of his convictions/sentences and such therefore became final by operation of law on May 13, 2010.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because McLendon's controlled substance convictions became final in 2010 -- after the effective date of the statute of limitations -- McLendon must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction action related to the convictions remained pending in the state courts. The respondents concede that McLendon filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, in the Circuit Court of Pike County on February 3, 2011 which tolled the limitation period from the initiation of the petition until the trial court denied McLendon's *in forma pauperis* motion on February 15, 2011.[4] McLendon filed petitions for writ of mandamus with the Alabama Court of

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[4] This period of time constitutes the only time the petition could be considered "pending" before the trial court as upon denial of the *in forma pauperis* application the court lacked subject matter jurisdiction to consider the Rule 32 petition. *Smith v. State*, 840 So.2d 943, 945 (Ala.Cr.App. 2002) (Absent payment of the filing fee or granting of inmate's request to proceed *in forma pauperis*, trial court lacks subject matter jurisdiction to consider Rule 32 petition.); *Ex parte Carter*, 807 So.2d 534, 536 (Ala. 2001) ("[C]ircuit court never had jurisdiction to consider [inmate's] Rule 32 petition, because it did not collect a filing fee or approve [his] affidavit of substantial hardship...."); Rule 32.6(a), *Alabama Rules of Criminal Procedure* (In cases where an inmate seeks leave to proceed *in forma pauperis*, the clerk cannot file the Rule 32 petition unless the court issues "an order granting leave to the petitioner to proceed in forma pauperis.").

Criminal Appeals on April 4, 2011 and the Alabama Supreme Court on May 24, 2011 challenging the trial court's denial of his *in forma pauperis* motion.[5] The Alabama Supreme Court denied the petition for writ of mandamus on June 28, 2011, *Respondents' Exhibit C - Court Doc. No. 8-3*, and the Alabama Court of Criminal Appeals denied the mandamus petition before it on July 6, 2011. *Respondents' Exhibit A - Court Doc. No. 8-1*.[6] Even allowing additional tolling of the federal limitation period during the pendency of McLendon's petitions for writ of mandamus - from April 4, 2011 until July 20, 2011, the latest date of finality of judgment of the appellate court's judgment on the petition for writ of mandamus, *see* Rule 21(e)(2), *Alabama Rules of Appellate Procedure* - the limitation period expired prior to McLendon filing the present federal habeas petition. Thus, the respondents maintain that McLendon's federal habeas petition is due to be dismissed as untimely because it was filed after expiration of the one-year limitation period. *Respondents' Answer - Court Doc. No. 8* at 4-6.

The record establishes that McLendon filed the instant federal habeas petition after expiration of § 2254's one-year period of limitation. The court therefore entered an order advising McLendon that he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of November 18, 2011 -*

---

[5] "[M]andamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition." *Goldsmith v. State*, 709 So.2d 1352, 1353 (Ala.Cr.App. 1997).

[6] Because the higher courts denied McLendon mandamus relief, the trial court never obtained subject matter jurisdiction to consider the Rule 32 petition.

3

*Doc. No. 10*. This order also provided McLendon an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. McLendon filed no response to this order.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as McLendon failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On February 16, 2010, McLendon entered guilty pleas before the Circuit Court of Pike County, Alabama to manufacturing a controlled substance and trafficking in a controlled substance. The trial court imposed sentence upon McLendon for these

convictions on March 29, 2010 and entered an amended sentencing order on April 1, 2010. McLendon did not file a direct appeal of his controlled substance convictions or sentences. Since McLendon failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, McLendon's manufacturing and trafficking convictions became final on May 13, 2010 -- forty-two days after entry of the amended sentencing order as this is the date on which his time to seek direct review expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure* (notice of appeal must be filed within 42 days of the date of entry of the appealed judgment); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea and sentence], when the time for filing a direct appeal expired."). The limitation period applicable to the McLendon's habeas petition therefore began to run on May 14, 2010.[7]

    **1.  Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 265 days after McLendon's controlled substance convictions

---

[7] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

became final until his filing of a Rule 32 petition in the Circuit Court of Pike County on February 3, 2011.[8]  *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending in the state courts).  The trial court issued an order on February 15, 2011 denying McLendon leave to proceed *in forma pauperis* in the Rule 32 proceeding.  As a result of this order, the trial court had no subject matter jurisdiction to consider the Rule 32 petition and, consequently, the petition was no longer, in any manner, pending before that court.  The limitation period therefore began to run again on February 16, 2011 and ran, at the least, another forty-seven (47) days until McLendon filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals on April 4, 2011.  During the pendency of this mandamus petition, McLendon also submitted a petition for writ of

---

[8] The Rule 32 petition establishes that McLendon obtained financial information on February 3, 2011 which he filed simultaneously with his state petition. *Petitioner's Exhibit 6 - Court Doc. No. 3-6* at 3.  Thus, this is the earliest date McLendon could have submitted his petition and requisite *in forma pauperis* motion to prison officials for mailing.  As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272.  "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and February 3, 2011 is therefore the appropriate date of filing for McLendon's Rule 32 petition.  The court has also applied this rule to all other documents filed *pro se* by McLendon in the state courts.

mandamus to the Alabama Supreme Court which that court denied on June 28, 2011. *Respondents' Exhibit C - Court Doc. No. 8-3*. The Alabama Court of Criminal Appeals addressed the merits of McLendon's petition for writ of mandamus and denied the petition on July 6, 2011. *Respondents' Exhibit A - Court Doc. No. 8-1*.[9] McLendon did not seek further review of the decision issued by the Alabama Court of Criminal Appeals. Thus, the federal limitation period began to run again on July 21, 2011 and, absent equitable tolling, the time allowed McLendon for filing a federal habeas petition expired on September 12, 2011.[10]

    **2. <u>Equitable Tolling</u>.** Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases,

---

[9] Although the mandamus petitions were each filed outside the "presumptively reasonable time" of forty-two (42) days from entry of the challenged order as required by Rule 21(a), *Alabama Rules of Appellate Procedure*, the Alabama Court of Criminal Appeals did not find the petition untimely filed and, instead, addressed the merits of the petition. This action is contemplated by the rule governing mandamus petitions. Rule 21(a), *Alabama Rules of Appellate Procedure* ("If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.)

[10] Since the fifty-third day fell on September 11, 2011, a Sunday, the one-year period of limitation expired the following day. Rule 6(a)(1)(C), *Federal Rules of Civil Procedure* ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

McLendon appears to argue that he is entitled to equitable tolling of the limitation period until the time he filed his federal habeas petition due to the refusal of the state courts to allow him to proceed *in forma pauperis* in his Rule 32 action. The petition could also be construed to allege entitlement to equitable tolling due to actions of trial counsel during proceedings related to McLendon's guilty pleas. Specifically, McLendon argues that

counsel promised him a favorable sentence and failed to file a motion to withdraw his guilty pleas after the trial court refused to accept the sentence recommended in the plea agreement. However, it is clear that neither the denial of his *in forma pauperis* application by the state courts nor the challenged actions of trial counsel adversely affected his ability to file a federal habeas petition prior to expiration of the one-year period of limitation. Specifically, the actions/inactions of the state courts and trial counsel referenced by McLendon do not constitute extraordinary circumstances which prevented him from filing a timely federal habeas petition. In addition to a complete lack of proof regarding the existence of extraordinary circumstances necessary to secure equitable tolling, McLendon likewise fails to demonstrate he exercised reasonable diligence in pursuing his § 2254 petition prior to expiration of the limitation period as is "required for equitable tolling purposes." *Holland*, 560 U.S. at 653, 130 S.Ct. at 2565. Despite the challenged actions/inactions of trial counsel and the state courts, it is clear that McLendon could have filed a federal habeas action with this court prior to expiration of the one-year period of limitation.

      The record is devoid of evidence that McLendon's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of reasonable diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Under the circumstances of this case, the court "cannot say that

[McLendon] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, McLendon is not entitled to equitable tolling of the limitation period. *Bryant v. Arizona*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Diaz v. Secretary for Dept. Of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).[11]

**3. Expiration of the Limitation Period**. Under the undisputed circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on September 12, 2011. McLendon filed his petition for federal habeas relief on October 20, 2011. McLendon has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed. In light of the foregoing, the court concludes that the instant petition for habeas corpus relief is due to be denied as McLendon filed the petition after expiration of the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

---

[11] McLendon argues that the denial of his motion for leave to proceed *in forma pauperis* in the Rule 32 proceeding deprived him of due process and equal protection and denied him access to the state courts with respect to collateral review of his convictions. By its express terms, the federal habeas statute provides a remedy only for claims which attack the fundamental legality of the fact or duration of an inmate's incarceration. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (habeas corpus provides a remedy for challenges to the validity or duration of confinement); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1972) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). The claims presented by McLendon challenging the adverse actions of the state courts in addressing his *in forma pauperis* motion do not in any way implicate the fact or duration of his confinement. Consequently, these claims provide no basis for federal habeas relief and they do not constitute a basis for tolling of the limitation period with respect to claims challenging the constitutionality of McLendon's convictions/sentences which are properly presented in this petition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas relief filed by Willie Paul McLendon be DENIED as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before July 9, 2014 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of June, 2014.

                  /s/Terry F. Moorer
                 TERRY F. MOORER
                 UNITED STATES MAGISTRATE JUDGE